IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                    )        Bankruptcy Case No: 13-04227-W
                                          )        Chapter 13
    Frank Scott Dabney and           )
    Kathryn Harrelle Dabney,         )
                                          )
        Debtors.                 )
                                          )
_____ )

## NOTICE OF MOTION SEEKING
## 11 U.S.C. §362(D) RELIEF

**TO:    DEBTOR, TRUSTEE (if applicable), AND THOSE NAMED IN THE ATTACHED MOTION:**

**PLEASE TAKE NOTICE THAT ON** August 6, 2014, at 10:30 A.M., at the U.S. Bankruptcy Court, 145 King Street, Room 225, Charleston,South Carolina, a hearing will be held on the attached Motion.

Within fourteen (14) days after service of the attached Motion, and the Notice of Motion, accompanied by the Movant's Certification of Facts, and a blank Certification of Facts form, any party objecting to the relief sought shall:

1.    File with the Clerk of this Court a written objection to the §362 Motion;
2.    File with the Clerk of this Court a Certification of Facts;
3.    Serve on the Movant items 1 and 2 above at the address shown below; and
4.    File a certificate of such service with the Clerk of this Court.

Should you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.

DATE OF ISSUANCE:     July 9, 2014

MOVANT:               Specialized Loan Servicing, LLC

ATTORNEY:             Lawrence W. Johnson, Jr. DCID No. 2200

ADDRESS:              JOHNSON LAW FIRM, P.A.
                      Post Office Box 883
                      Columbia, South Carolina  29202
                      (803) 771-1500
                      Jlfpa@bellsouth.net

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                          )          Bankruptcy Case No: 13-04227-W
                                                )          Chapter 13
    Frank Scott Dabney and                   )
    Kathryn Harrelle Dabney,                 )
                                                )
       Debtors.                          )
_____ )

## MOTION ON BEHALF OF SPECIALIZED LOAN SERVICING LLC
## TO MODIFY STAY OR FOR ADEQUATE PROTECTION

Specialized Loan Servicing LLC, a/s/a for The Bank of New York MellonF/K/A The Bank of New York, Trustee for the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-17, ("Specialized"), a party in interest, respectfully represents:

1.    The Bankruptcy Court has jurisdiction over this proceeding pursuant to Local Rule 29.01 of the United States District Court for the District of South Carolina, and 28 U.S.C. Section 157.

2.    Debtors filed for relief under Chapter 13 of the United States Bankruptcy Code on July 25, 2013. James M. Wyman was appointed Trustee.

3.    Specialized is the holder of a claim against the Debtors in the amount of $332,779.59 as of the date of this filing, plus interest, costs, and attorneys' fees. Copies of the Note and Mortgage are attached hereto and incorporated herein by reference as Exhibits. Debtors executed a promissory note secured by a mortgage. The promissory note is either made payable to movant or has been duly indorsed. Movant, directly or through and agent, has possession or the promissory note. Movant is the original mortgagee or beneficiary or the assignee of the mortgage. Copies of the Note and Mortgage are attached hereto and incorporated herein by reference as Exhibits. The collateral consists of real estate located at 1844 Chelwood Circle, Charleston, SC 29407.

4.    Specialized does not have and has not been offered adequate protection for its interest in the collateral.

5.    On information and belief, the Debtors have no equity in the collateral.

1

6.      The Debtors continues to use the collateral without making required payments thereon to the further detriment of Specialized.

7.      Upon information and belief, the debtor was to be making the payments outside of the Chapter 13 Plan which payments are not being remitted as called for by either the Plan or the Note and mortgage.

8.      Upon information and belief, the property is not necessary for an effective reorganization.

9.      If Specialized is not permitted to foreclose its security interest in the collateral, it will suffer irreparable injury.

10.     Should this Court fail to grant Specialized's request for relief from the automatic stay, Specialized requests that this Court require Debtors to provide it with adequate protection.

11.     Specialized agrees to waive any claim that may arise under 11 U.S.C. Section 503(b) or 11 U.S.C. Section 507(b) that may result following the entry of an Order in this matter, and Specialized further agrees that any funds realized in excess of its debt will be paid to the Trustee if Specialized is granted relief to enforce its security interest and state law rights in its collateral.

12.     Specialized  respectfully requests that this Court vacate the stay of Judgment pursuant to F.R.B.P. 4001(a) (3) to avoid further injury to Specialized.

WHEREFORE, Specialized prays for entry of an order for relief against the Debtors under Section 362(d)(1) and (2) or for adequate protection under Section 363(e) of the United States Bankruptcy Code, and for such other relief as this Court deems just.

JOHNSON LAW FIRM, P.A.

Lawrence W. Johnson, Jr.
District Court ID #2200
Post Office Box 883
Columbia  SC  29202
(803) 771-1500
Attorney for Specialized Loan Servicing LLC

Columbia, South Carolina

July 9, 2014

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 13-04227-JEW |
| FRANK SCOTT DABNEY | § | |
| KATHRYN HARRELLE DABNEY | § | CHAPTER 13 |
| DEBTOR(S) | § | |
| | § | |
| SPECIALIZED LOAN SERVICING LLC, AS | § | |
| SERVICING AGENT FOR THE BANK OF | § | |
| NEW YORK MELLON FKA THE BANK OF | § | |
| NEW YORK, AS TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS OF THE CWABS, | § | |
| INC., ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2006-17 | § | |
| MOVANT | § | |
| VS | § | |
| FRANK SCOTT DABNEY | § | |
| KATHRYN HARRELLE DABNEY | § | |
| AND JAMES M. WYMAN, TRUSTEE | § | |
| RESPONDENTS | | |

### DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

I, _____Cynthia Wallace_____hereby state the following:

1.  Specialized Loan Servicing LLC, as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-17 ("Movant") and its successors and/or assigns, is authorized to sue on its own behalf.

2.  I am an employee of Specialized Loan Servicing LLC and duly authorized representative of Movant and hereby make this declaration in such capacity. All facts recited herein are within my personal knowledge of all records concerning the account with Debtor(s) and are true and correct.

3.  In the course of my employment, I have become familiar with the manner and method in which Specialized Loan Servicing LLC maintains its books and records in its regular course of business. Those books and records are managed by employees and agents whose duty it is to keep the books and records accurately and completely and to record each event or item at or near the time of the event or item so noted.

4.  I am familiar with the books and records related to the Note secured by Deed of Trust of even date therewith covering certain real property located at 1844 Chelwood Circle, Charleston, South Carolina 29407, and more particularly described in the Deed of Trust.

5. Note and/or Deed of Trust, Loan Number xxxxxx8110, in the original principal amount of $304,000.00, dated May 11, 2006 was executed by the Original Mortgagor(s): Frank S. Dabney and Kathryn H. Dabney to Lendmark Financial Services, Inc.

6. Debtor(s) are in default on their obligations to Movant in that Debtor(s) have failed to make their installment payments when due and owing pursuant to the terms of the above-described Note and/or Deed of Trust.

7. As of the date of filing of this case, the pre-petition arrears were $44,000.00.

   As of June 10, 2014, there remains $44,000.00 to be paid per the Trustee Ledger.

8. As of June 10, 2014, the unpaid principal balance was $284,110.46. Debtor(s) are due 3 post-petition payments, totaling: $6,689.01.

| Number of Missed Payments | From | To | Missed Principal & Interest | Missed Escrow (If Applicable) | Monthly Payment Amount | Total Amounts Missed | Includes Post-Petition Payments |
|---|---|---|---|---|---|---|---|
| 3 | 04/01/2014 | 06/01/2014 | $2,229.67 | $0.00 | $2,229.67 | $6,689.01 | Yes |

9. As of June 10, 2014, there are unpaid post-petition fees and costs in the amount of $650.00 due and owing that have not been Noticed under Rule 3002.1(c).

| Date Assessed | Description of Fee | Amount |
|---|---|---|
| 01/10/14 | Bankruptcy Expense | $150.00 |
| 04/11/14 | Bankruptcy Expense | $350.00 |
| 04/28/14 | Bankruptcy Expense | $150.00 |

10. As of June 10, 2014, the total post-petition delinquency is $5,923.54 which includes a credit of the suspense balance of $1,415.47.

[THIS SPACE INTENTIONALLY LEFT BLANK]

11. By failing to make the regular monthly installment payments due pursuant to the Note and/or Deed of Trust, Debtor(s) have not provided adequate protection to Movant.

12. Movant has had to retain counsel to represent it before this Court and is incurring legal expenses and attorneys' fees for which it is entitled to reimbursement under the terms of the Note.

13. Further, according to the Debtor(s) schedules, the estimated value of the subject property is $215,000.00. Thus, after full satisfaction of the indebtedness due to Movant under the terms of the Note there is no equity in the property.

I declare that the foregoing facts are true and correct to the best of my knowledge.

**Specialized Loan Servicing LLC, as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-17**

13-04227-JEW

By: _____

Cynthia Wallace
Second Assistant Vice President
A Duly Authorized Representative

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                                )        Bankruptcy Case No: 13-04227-W
                                                      )        Chapter 13
    Frank Scott Dabney and                     )
    Kathryn Harrelle Dabney,                   )
                                                      )
        Debtors.                          )
_____ )

## CERTIFICATION OF FACTS

In the above-entitled proceeding, in which relief is sought from the automatic stay in accordance with 11 U.S.C. §362, I do hereby certify to the best of my knowledge, the following:

1.  <u>Nature of Movant's Interests:</u>
    Secured.

2.  <u>Brief Description of Security Interest, copy attached (if applicable):</u>

    (see copies attached to Motion to Modify Stay filed herewith).

3.  <u>Description of property encumbered by stay (include serial number, lot and block number, etc.):</u>
    real estate located at 1844 Chelwood Circle, Charleston, SC 29407.

4.  <u>Basis for relief (property not necessary for reorganization, debtor has no equity, property not property of the estate, include applicable subsection of Section 362):</u>

    For cause, lack of adequate protection, Section 362(d)(1); lack of equity, lack of necessity to reorganization, Section 362(d)(2); lack of adequate protection, Section 363(e).

5.  <u>Prior adjudication by other Courts, copy attached (decree of foreclosure, order for possession, levy of execution, etc., if applicable).</u>

    None.

1

6.    <u>Valuation of property, copy of valuation attached (appraisal, blue books, etc.):</u>

     Fair Market Value                            $215,000.00

     Liens (Mortgages)                      $332,779.59

     Net Equity                                 $    0.00

     Source/Basis of Value- Debtors' schedules

7.    <u>Amount of Debtor's estimated equity (using figures from paragraph 6, supra):</u>

     $   0.00

8.    Month and Year in Which First Direct Post-Petition Payment Came Due to Movant (if applicable).<u>August, 2013</u>

9.    (a)    Detailed Listing of all directly received Post-petition payments showing dates of receipt, amount and application date.<u> See attached</u>

     (B)    For Objecting Party: List all post-petition payments, listed by Movant in (a) above, disputed as having been made. Attach written proof of such payments or a statement why such proof is unavailable at the time of filing of this Objection.

10.    Month and Year for which Post-Petition account is Due as of this Motion.<u> April, 2014</u>

Attorney for Movant:             Lawrence W. Johnson, Jr. DCID No: 2200
                                        JOHNSON LAW FIRM, P.A.

Representing:                Specialized Loan Servicing, LLC

Address:                    Post Office Box 883
                                          Columbia, South Carolina  29202

Telephone:                (803) 771-1500

Columbia, South Carolina

July 9, 2014

Creditor:     Specialized Loan Servicing LLC
Debtor:     Frank SCOTT Dabney

**PAYMENTS RECEIVED**
Loan Status as of _____

Case No.:     13-04227-JEW
Loan No.:     xxxxxx8110
Our File No.:     4121-N-7538
Collateral:     1844 Chelwood Cir
    Charleston, South Carolina 29407

| Date Received | DR# | Amount Received | Due Date | Amount Due | DT | NSF/Late Charges Paid | Paid Over/Short | Description |
|---|---|---|---|---|---|---|---|---|
| **Regular Payments** | | | | | | | | |
| 08/30/2013 | 1 | $2,469.35 | 08/01/2013 | $2,229.67 | | | $239.68 | |
| 09/27/2013 | 1 | $2,469.35 | 09/01/2013 | $2,229.67 | | | $239.68 | |
| 10/18/2013 | 1 | $2,383.00 | 10/01/2013 | $2,229.67 | | | $153.33 | |
| 11/21/2013 | 1 | $2,383.00 | 11/01/2013 | $2,229.67 | | | $153.33 | |
| 12/31/2013 | 1 | $0.00 | 12/01/2013 | $2,229.67 | | | ($2,229.67) | |
| 01/15/2014 | 1 | $2,498.13 | 01/01/2014 | $2,229.67 | | | $268.46 | |
| 02/24/2014 | 1 | $2,350.00 | 02/01/2014 | $2,229.67 | | | $120.33 | |
| 02/25/2014 | 1 | $2,350.00 | | | | | $2,350.00 | |
| 03/31/2014 | 1 | $0.00 | 03/01/2014 | $2,229.67 | | | ($2,229.67) | |
| 04/23/2014 | 1 | $2,350.00 | 04/01/2014 | $2,229.67 | | | $120.33 | |
| 05/31/2014 | 1 | $0.00 | 05/01/2014 | $2,229.67 | | | ($2,229.67) | |
| 06/09/2014 | 1 | $0.00 | 06/01/2014 | $2,229.67 | | | ($2,229.67) | |
| **Total:** | | **$19,252.83** | | **$24,526.37** | | **$0.00** | **($5,273.54)** | |

Department of Defense Manpower Data Center

Results as of : Jun-10-2014 12:04:17 PM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>DABNEY</u>
First Name: <u>FRANK</u>
Middle Name:
Active Duty Status As Of: <u>Jun-10-2014</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

Department of Defense Manpower Data Center

Results as of : Jun-10-2014 12:06:15 PM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>DABNEY</u>
First Name: <u>KATHRYN</u>
Middle Name:
Active Duty Status As Of: <u>Jun-10-2014</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

## ADJUSTABLE RATE NOTE

Loan #: 563343

### (LIBOR Six-Month Index (As Published in The Wall Street Journal) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

05/11/2006           CHARLESTON                              SC
[Date]               [City]                                  [State]

1844 CHELWOOD CIRCLE, CHARLESTON, SC 29407
[Property Address]

**1. BORROWER'S PROMISE TO PAY.** In return for a loan that I have received, I promise to pay U.S. $304,000.00    (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
LENDMARK FINANCIAL SERVICES, INC.
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender, or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST.** Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  8.000% .  The interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default as described in Section 7(B) of this Note.

**3. PAYMENTS.**
**(A) Time and Place of Payments.** I will pay principal and interest by making a payment every month. I will make my monthly payments on the    first    day of each month beginning on    07/01/2006  . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  06/01/2036  I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at 1506 KLONDIKE RD  SUITE 400, CONYERS, GA 30094,
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments.** Each of my initial monthly payments will be in the amount of U.S.$2,230.64
This amount may change.

**(C) Monthly Payment Changes.**  Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate I must pay.  The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES.**
**(A) Change Dates.** The interest rate I will pay may change on the first day of    June, 2009    and on that day every . 6  months thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index.** Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes.** Before each Change Date, the Note Holder will calculate my new interest rate by adding 5.125 percentage point(s) ( 5.125% ) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one-percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes.** The interest rate I am required to pay at the first Change Date will not be greater than   11.000% or less than  8.000% .  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than  1.000  percentage point(s) ( 1.000% ) from the rate of interest I have been paying for the preceding  6   months. My interest rate will never be greater than  14.000% .

**(E) Effective Date of Changes.** My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes.** The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will also include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY.** I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES.** If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

Page 1 of 2

**7. BORROWER'S FAILURE TO PAY AS REQUIRED.**
**(A) Late Charges for Overdue Payments.** If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default.** If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver by Note Holder.** Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address. Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS.** I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE.** This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions, I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

FRANK S. DABNEY _____(Seal)                    _____(Seal)
                                             -Borrower                                        -Borrower

KATHRYN H. DABNEY _____(Seal)                    _____(Seal)
                                             -Borrower                                        -Borrower

*[Sign Original Only]*

Page 2 of 2

# ALLONGE TO NOTE

ALLONGE TO NOTE DATED:   05/11/2006

IN FAVOR OF:                       LENDMARK FINANCIAL SERVICES, INC.

                                                1506 KLONDIKE RD   SUITE 400
                                                CONYERS, GA 30094

LOAN AMOUNT:                   $304,000.00

AND EXECUTED BY              FRANK S. DABNEY
                                                KATHRYN H. DABNEY

PROPERTY ADDRESS:         1844 CHELWOOD CIRCLE
                                                CHARLESTON, SC  29407

PAY TO THE ORDER OF

                                                COUNTRYWIDE BANK, N.A.

WITHOUT RECOURSE
                                                LENDMARK FINANCIAL SERVICES, INC.

BY _____

NAME:  Jessica M. Patterson

TITLE:  Secondary Marketing Coordinator

Pay to the order of:
Countrywide Home Loans, Inc.
Without Recourse
Countrywide Bank, N.A.
BY Laura Meder, SVP

Pay to the order of:
Without Recourse Countrywide Home Loans, Inc.
By: Michele Sjolander, SVP



CERTIFIED
TRUE COPY
CHARLIE LYBRAND
REGISTER MESNE CONVEYANCE
CHARLESTON COUNTY, SC
DATE:
BY:

BK A    584 PG 861

------------------------------------- [Space Above This Line For Recording Data] -------------------------------------

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **05/11/2006** . The mortgagor is
**FRANK S. DABNEY AND KATHRYN H. DABNEY**

("Borrower"). This Security Instrument is given to

**LENDMARK FINANCIAL SERVICES, INC.**

which is organized and existing under the laws of **GEORGIA**                    ,and whose address is

**1506 KLONDIKE RD  SUITE 400**
**CONYERS, GA 30094**                    ("Lender").  Borrrower owes

Lender the principal sum of
**Three Hundred Four Thousand Dollars and No Cents**
**(U.S.$304,000.00 ).**

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **06/01/2036** . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, the following described property located in **CHARLESTON,**                County, South Carolina:
**See attached Exhibit "A"**

which has the address of:    **1844 CHELWOOD CIRCLE**
**CHARLESTON, SC 29407**                    ("Property Address");

Initials:            Initials:            Initials:_____    Initials:_____

SOUTH CAROLINA - Single Family- FNMA/FHLMC UNIFORM INSTRUMENT  Form 3041 9/90 (Amended 10/94)    (Page 1 of 8)

Management Systems Development, Inc. (310) 512-3111-    *Loan Energizer!™*    &d1_sc_di (revised 3/21/06)    Copyright (c) 2003-2004

Pages 2-7 intentionally omitted
Available upon request

BKA 584PG868

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Signed, sealed and delivered in the presence of:

Witness: _____

_____ (Seal)
FRANK S. DABNEY              -Borrower

Witness: _____

_____ (Seal)
                            -Borrower

_____ (Seal)
KATHRYN H. DABNEY            -Borrower

_____ (Seal)
                            -Borrower

STATE OF SOUTH CAROLINA,
County of Charleston

    Personally appeared before me    the undersigned witness

and made oath that he/she saw the within named Borrower sign, seal, and as his/her act and deed, deliver the within written Mortgage; and that he/she with the other witness, witnessed the execution thereof.

_____

    Sworn to before me this 11th    day of May    , 2006

                            _____
                            Notary Public for South Carolina

My Commission Expires: 4-19-09

Initials: _____  Initials: _____  Initials: _____  Initials: _____

SOUTH CAROLINA - Single Family- FNMA/FHLMC UNIFORM INSTRUMENT Form 3041 9/90 (Amended 10/94)     (Page 8 of 8)
Management Systems Development, Inc. (310) 519-1111     Loan Energizer™     &d1_sc_d     Copyright (c) 2003-2004

RMC BK 0207 Pg 670 : pg 1 *

BP0207670

Recording Requested By:
**Bank of America**
When recorded mail to:
**CoreLogic**
**450 E. Boundary St.**
**Attn: Release Dept.**
**Chapin, SC 29036**

DocID#    20212864159720595
Tax ID:    415-07-00-084
Property Address:
**1844 Chelwood Cir**
**Charleston, SC 29407-3704**
SC0-AM 14364929    8/27/2011

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-17** whose address is 101 BARCLAY ST - 4W, NEW YORK ,NY 10286
 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:    **LENDMARK FINANCIAL SERVICES, INC.**
Original Borrower(s):    **FRANK S. DABNEY AND KATHRYN H. DABNEY**
Date of Mortgage:    5/11/2006
Original Loan Amount:    $304,000.00

Recorded in Charleston County, SC on: 5/19/2006, book A 584, page 861 and instrument number N/A

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
Dated: 9-7-11

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
**Luis Roldan, Assistant Secretary**

**Witness: Tina LeRaybaud**

**Witness: Bud Kamyabi**

State of **California**
County of **Ventura**

On 09-07-2011 before me, _____ NAVID PAKTAN _____, Notary Public, personally appeared Luis Roldan, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

NAVID PAKTAN
Commission # 1837744
Notary Public - California
Santa Clara County
My Comm. Expires Mar 11, 2013

Notary Public:    **NAVID PAKTAN**    (Seal)
My Commission Expires:    3-11-13



610    128641597    D8    003    003



# RECORDER'S PAGE



**NOTE:** This page MUST remain with the original document



Filed By:
CORELOGIC
450 E BOUNDARY ST

CHAPIN SC 29036-9911

| **RECORDED** | |
|---|---|
| Date: | September 19, 2011 |
| Time: | 9:47:04 AM |

| Book | Page | DocType |
|---|---|---|
| 0207 | 670 | Asgt |

Charlie Lybrand, Register
Charleston County, SC

MAKER:
MERS

RECIPIENT:
BANK OF NY MELLON ETC

Original Book: A584

Original Page: 861

Note:

| # of Pages: | 2 |
|---|---|
| # of Sats: | |
| # of References: | |

| Recording Fee | $ | 6.00 |
|---|---|---|
| Extra Reference Cost | $ | - |
| Extra Pages | $ | - |
| Postage | $ | - |
| Chattel | $ | - |
| **TOTAL** | **$** | **6 00** |

DRAWER   Drawer 2
CLERK   SLW




0207
Book


670
Page


09/19/2011
Recorded Date

2
# Pgs


A584
Original Book


861
Original Page


M
Doc Type


09:47:04
Recorded Time

**EXHIBIT B TO SC LBR 4001-1**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

IN RE:

CASE NO:
CHAPTER:

CERTIFICATION OF FACTS

_____
DEBTOR(S)

In the above-entitled proceeding, in which relief is sought by (name of movant) from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

(1) Nature of Movant's Interest.

(2) Brief Description of Security Agreement, copy attached (if applicable).

(3) Description of Property Encumbered by Stay (include serial number, lot and block number, etc.).

(4) Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc.) include applicable subsection of 11 U.S.C. § 362).

(5) Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).

(6) Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.):

Fair Market Value:          _____

Liens (Mortgages):          _____

Net Equity:                 _____

Source/Basis of Value:      _____

(7) Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra).

(8) Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable).

(9)(a) For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.[1]

(b) For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movants list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.

(10) Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion:

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

IN RE:                                        )        Bankruptcy Case No: 13-04227/JW
                                              )        Chapter 13
FRANK SCOTT DABNEY                            )
KATHRYN HARRELLE DABNEY                       )
                                              )
               DEBTOR(S).  )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I, Sharal Bateman, of the Johnson Law Firm, P.A, am this day serving on the persons named below the Notice of Motion Seeking 11 U.S.C. Section 362 (D) Relief, Motion on Behalf of Specialized Loan Servicing LLC, to Modify Stay, Certification of Facts, and a Blank Certification of Facts in this matter by placing a copy of same this July 9, 2014, in the United States Mail, postage pre-paid, in envelopes addressed as follows:

Heather S. Bailey, Esquire
2170 Ashley Phosphate Rd., Suite 405
N. Charleston, SC 29406

James M. Wyman (via ECF)
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465

Frank Scott Dabney
Kathryn Harrelle Dabney
1844 Chelwood Circle
Charleston, SC 29407

Sharal Bateman

July 9, 2014